# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**HUNG NAM TRAN,**
      **Petitioner,**

v.                                                                             **Case No. 05-C-1082**

**BRYAN BARTOW,**
      **Respondent.**

## ORDER

On October 12, 2005, petitioner Hung Nam Tran filed this petition pursuant to 28 U.S.C. § 2241, seeking to challenge his pretrial confinement for civil commitment as a sexually dangerous person under Wis. Stat. § 980 (2005). Petitioner raises numerous claims challenging the constitutionality of section 980, both facially and as applied to him, including violations of the Due Process and Equal Protection clauses of the Fourteenth Amendment.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, applicable to the present petition under Rule 1(b), I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Petitioner was convicted in 1992 of first-degree sexual assault of a child under the age of thirteen in violation of Wis. Stat. § 948.02(1), and sentenced to the maximum term of twenty years. According to petitioner, on November 18, 2004, prison authorities authorized petitioner's release from prison and notified the Wisconsin Department of Justice, pursuant to Wis. Stat. 980.015, to evaluate him for a possible civil commitment given the nature of his

conviction. On November 19, 2004, petitioner was given notice of a probable cause hearing scheduled for November 23, 2004. Petitioner asserts that he was not given notice of the charges against him or his rights under the statue prior to the hearing. Although petitioner was assigned counsel at the November 23 hearing, which was postponed one day to allow counsel to prepare, he asserts that his counsel did not have adequate time to learn the facts or prepare a defense. At the November 24, 2004, hearing, a state expert testified using various actuary instruments about petitioner's propensity to commit future crimes. Using these figures, the court found probable cause and ordered petitioner transferred to a correctional facility. No further hearing was held on the matter and petitioner has remained in the custody of the state since that time.

Section 980 of the Wisconsin Statutes sets forth the procedures for a commitment of a person adjudged to demonstrate sufficient propensity to commit a sexual crime upon release. Wis. Stat. § 980.02 (2005). Under the statute, the warden of a prisoner potentially qualifying under the statue must notify the state within a specified time of that person's release. If the state believes that the person qualifies for civil commitment, it files a petition for commitment in state court. The court must hold a probable cause hearing within seventy-two hours of the state's filing of a petition for civil commitment. If the court finds probable cause, it must order defendant to an appropriate facility to determine whether the individual is a sexually violent person. Forty-five days following the probable cause hearing, the statute provides for a trial, in which "[a]ll constitutional rights available to a defendant in a criminal proceeding are available to the person." Id. § 980.05(1m). The state must prove the allegations against defendant "beyond a reasonable doubt." Id. § 980.05(2). In addition, the defendant has the right to a trial by jury. In the case of commitment, the state must periodically reexamine defendant's mental condition within six months of the initial

commitment, and every twelve months thereafter. As such, under the Wisconsin civil commitment statute, petitioner was entitled to a full trial-type hearing, complete with the protections afforded criminal defendants, on or about January 9, 2005.

Petitioner challenges the constitutional legitimacy of his confinement under section 980. He additionally challenges constitutionality of the statute itself by alleging due process violations such as inadequate notice, insufficient investigation, lack of a speedy trial, and the inability to present his own evidence. Petitioner, as a pre-trial detainee, properly brought his petition pursuant to 28 U.S.C. § 2241. The Supreme Court "repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Addington v. Texas, 441 U.S. 418, 423 (1979) (citations omitted). Additionally, the Court has held that such statutes do not violate substantive due process "when (1) the confinement takes place pursuant to proper procedures and evidentiary standards, (2) there is a finding of dangerousness either to one's self or to others, and (3) proof of dangerousness is coupled with the proof of some additional factor, such as a 'mental illness' or 'mental abnormality.' " Kansas v. Crane, 534 U.S. 407, 409-10 (2002). If the potential committee is not mentally ill or if they do not pose some danger to themselves or others, the State has no legitimate interest in their involuntary commitment. Addington, 441 U.S. at 423. Although the statute provides for a trial-type hearing within forty-five days, petitioner has been confined for over one year based solely on the evidence presented at the probable cause hearing. Moreover, while such statutes have been upheld by the Supreme Court, petitioner has pleaded sufficient facts to state a claim challenging the general constitutionality of the Wisconsin statute.

Therefore, it appears as if petitioner has stated at least cognizable constitutional claims.

-3-
Case 2:05-cv-01082-LA   Filed 12/22/05   Page 3 of 5   Document 4

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the

petition and this order will be mailed to respondents and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 22nd day of December, 2005.

s/Lynn Adelman
LYNN ADELMAN
U.S. District Judge