HUNG NAM TRAN
    Petitioner,

v.                                               Case No. 05-C-1082

BRYAN R. BARTOW, Warden,
Wisconsin Resource Center,
    Respondent.

## DECISION AND ORDER

In 1992, petitioner Hung Nam Tran was convicted of first-degree sexual assault of a child in state court in Wisconsin. In 2004, shortly before he was to be released, the State of Wisconsin filed a petition pursuant to Wis. Stat. Ch. 980 to have him civilly committed as a sexually violent person. Petitioner had a probable cause hearing at which probable cause was found, and he is presently confined pending resolution of the civil commitment proceeding. Petitioner now seeks a writ of habeas corpus on the ground that Ch. 980 is unconstitutional, and respondent asks me to dismiss the petition on the ground that petitioner has not yet given the state courts the opportunity to consider his challenge.

I have jurisdiction to grant petitions of habeas corpus brought by pretrial detainees such as petitioner pursuant to 28 U.S.C. § 2241. However, the Seventh Circuit has made clear that in the interest of comity, district courts should not exercise such jurisdiction unless the petitioner has exhausted his state remedies. United States ex rel. Parish v. Elrod, 589 F.2d 327, 328-29 (7th Cir. 1979); see also United States v. Castor, 937 F.2d 293, 296-97 (7th Cir. 1991); Neville v. Cavanaugh, 611 F.3d 673, 675-76 (7th Cir. 1979); Baldwin v. Lewis, 442 F.2d 29, 31-33 (7th Cir. 1971). In the present case, petitioner has not presented

his constitutional challenges to any state court, including the court in which the civil commitment proceeding is pending. Thus, he has not satisfied the exhaustion requirement.

Petitioner makes several arguments as to why he need not exhaust, but none have sufficient merit to require discussion. I note also that petitioner is not raising a speedy trial challenge. In any case, the record indicates that he has waived the time limits applicable to a Ch. 980 proceeding. Further, any delays in the proceeding appear to have been caused in substantial part by petitioner's difficulty in finding compatible counsel.

Therefore,

**IT IS ORDERED** that petitioner's petition for a writ of habeas corpus is **DISMISSED** without prejudice.

Dated at Milwaukee, Wisconsin this 7 day of June, 2006.

/s_____
LYNN ADELMAN
District Judge